# Egypt Street.

1. A law forbidding the opening of a road or street through any burial ground, is not repealed or suspended by a subsequent law extending the boundaries of a borough, and appointing three persons commissioners, who shall have authority " to survey and lay out, and mark the lines of such streets, roads, lanes, and alleys, as they shall deem necessary within the said limits."

2. An Act of Assembly may be suspended by implication, but such a construction will not be given unless there is a clear and strong inconsistency between the acts.

CERTIORARI to the Court of Quarter Sessions of *Montgomery county*.

The facts fully appear in the opinion of the court delivered by KNOX, J.—This appears to us to be a very plain case. By the Act of April 5, A. D. 1849, it is provided that "hereafter it shall not be lawful to open any street, lane, alley, or public road, through any burial ground or cemetery within this Commonwealth, any laws heretofore passed to the contrary notwithstanding. Provided that this section shall not extend to the city and county of Philadelphia."

On the 26th of March, A. D. 1853, an act was passed extending the limits of the borough of Norristown, and by the 3d section of which act, three persons were appointed commissioners, who " were required and authorized to cause a general survey to be made of all the territory of the said borough, which has not been heretofore surveyed and laid out, and approved as a part of the town plot thereof, by the town council of said borough, and the commissioners shall have authority," (says the section,) " to survey and lay out, and mark the lines of such streets, roads, lanes, and alleys, as they shall deem necessary within the said limits," &c.

In laying out Egypt street, the commissioners cut off a small portion, (about twenty feet,) of the Catholic burying ground, and to test their right to do so, this *certiorari* is brought.

The Court of Quarter Sessions of Montgomery county, was of opinion that the prohibition contained in the Act of April 5, 1849, did not extend to the streets laid out by the commissioners under the Act of 25th March, A. D. 1853, and in this there was error.

The prohibition is a general one, extending over the entire Commonwealth, except the city and county of Philadelphia, and in express terms protecting burial grounds from the encroachments of roads, streets, alleys, &c. The position taken by the borough authorities, and which was sustained below, is that, as to a portion of the borough of Norristown, this act was repealed,

[Egypt Street.]

or rather temporarily suspended, for I understand it to be conceded, that as, against any authority for opening streets in said borough, except the commissioners named in the Act of 1853, the prohibition is in full force. An Act of Assembly may be repealed or suspended by implication, but such a construction will not be given, unless there is a clear and strong inconsistency between the acts. *Street* v. *The Commonwealth*, 6 W. & S. 209. Here there is no inconsistency or repugnancy. The one act directs the commissioners to mark the lines of such streets, roads, lanes, and alleys, as they deem necessary in a certain part of the borough limits, the other forbids their entry upon burial grounds or cemeteries. As to these, the right to take them for public highways, has been relinquished by the sovereign power of the legislature, and until this right is clearly restored, its attempted exercise is unlawful.

Whether the streets were to be laid out by commissioners named by the legislature, or by viewers appointed by the Court of Quarter Sessions, they could only be laid upon lands which, by the law of the Commonwealth, were subject to be entered upon for this purpose, and as grounds appropriated for the sacred objects of interment, were not the subject of entry for such a purpose, the commissioners exceeded the authority in locating Egypt street over any part of the Catholic Cemetery.

Suppose a general law should be passed, prohibiting railroad companies thereafter to be chartered from taking dwelling-houses, could it be pretended that this prohibition would not apply to a company whose act of incorporation authorized them to construct their road from point to point, by such route as they might select? Surely not, and, yet in principle there would be little, if any, difference between such a case, and the one under consideration.

The exercise of the right of eminent domain, can only be justified upon the principle of public necessity, and when this necessity does not exist, private property should never be taken for public use. That there is no necessity which requires the invasion of the resting place of the dead by public highways, is evidenced alike by the dictates of reason, and the mandate of the legislature. We cannot permit this highly beneficial statute to be disregarded, whilst in existence, nor to be destroyed by any power save that which created it.

And now, May 17, 1858, the order of the Court of Quarter Sessions, approving the report of the commissioners in laying out Egypt Street, is reversed and set aside. And it is further ordered, that the said matter be again referred to said commissioners, so that they shall lay out said street in such a manner as to take no part of the Catholic Cemetery, if they shall deem said street necessary.